PER CURIAM.
Jimmy Lowe petitions the court for cer-tiorari review of an order summarily denying his petition for writ of habeas corpus, in which he challenged the revocation of his conditional release supervision. That revocation was founded on the conclusion that Lowe had violated a condition of his supervision prohibiting him from living or loitering within 1,000 feet of any school, park, playground, or other place where children regularly congregate. The majority of petitioner’s claims were predicated on fanciful, far-fetched, and factually unsupported claims of a vast conspiracy to thwart his successful release to society and to secure the revocation of his supervision through perjured testimony, as well as facially insufficient claims that he was improperly classified and discriminated against as a sexual predator. We agree with the circuit court that these claims failed to state even a preliminary basis for relief.
However, Lowe also alleged that he requested as evidence GPS data documenting his movements on the day in question, but this request was denied without rea-' son. He further alleged that this evidence would have been relevant to show that he did not, as alleged, “loiter” on the grounds of a school. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), recognizes that in proceedings to revoke supervised release, the limited rights due to a releasee include the “opportunity to *1002 be heard in person and to present witnesses and documentary evidence.” Id. at 489, 92 S.Ct. 2593. We conclude that despite being inartfully stated and perhaps overshadowed by Lowe’s more outlandish and eonclusory arguments, these allegations were minimally sufficient to state a prima facie basis for relief. It was therefore a departure from the essential requirements of law to summarily deny relief as to this particular claim. See Duncan v. Florida Parole Commission, 939 So.2d 176 (Fla. 1st DCA 2006).
Accordingly, solely to the extent the circuit court’s order summarily denied Lowe’s claim that his request to present evidence in his defense was improperly denied, the petition for writ of certiorari is granted in part, the circuit court’s order in that regard is quashed, and the matter is remanded for further proceedings consistent herewith. In all other respects, the petition for writ of certiorari is denied on the merits.
ROBERTS, C.J., WOLF and THOMAS, JJ., concur.